DICKSON, Justice,
concurring and dissenting.
I dissent as to the revision of the sentence selected by the trial court. As to the remainder of the Court’s opinion, I concur.
Notwithstanding our duty under Indiana Appellate Rule 7(B) to give due consideration to the trial court’s sentencing decision, the Court today reduces by one half the sentence determined by the trial court and which was unanimously affirmed by a panel of the Court of Appeals. In matters of criminal sentencing, Rule 7(B) “places central focus on the role of the trial judge.” Serino v. State, 798 N.E.2d 852, 856 (Ind.2003). Trial judges, not appellate judges, are in a far superior position to make sound sentencing decisions that are appropriate to the offender and the offense. Given an appellate tribunal’s limited opportunity to fully perceive and appreciate the totality of the circumstances personally perceived by the trial judge at trial and sentencing, the “due consideration of the trial court’s decision” required by Rule 7(B) should restrain appellate revision of sentences to only extremely rare, exceptional cases. See Ind. Appellate Rule 7(B).
Furthermore, the frequent appellate revision of criminal sentences may induce and foster reliance upon such review for ultimate sentencing evaluations and thus serve as a disincentive to the cautious and measured fashioning of sentences by trial judges. Restrained decisions are best made by a trial judge with the gravity that results from knowing that the judge’s sentencing decisions are essentially final.
Appellate sentence modifications should be extraordinary events that almost never occur. The trial court’s decision is not clearly inappropriate in light of the nature of the offense and the character of the offender. Appellate intervention is unwarranted. I would affirm the trial court.